No. 3795.—S. M. CHASE v. C. G. HALE.

During the late war parties residing on opposite sides of the lines of military occupation were prohibited from having any business transactions, or of contracting with each other. But if two parties contracted who both resided within the federal military occupation at the time, although residing in different localities, the contract was legal and binding on the parties.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupée. *Miller*, J. *Edward Phillips*, for plaintiff and appellee. *Haralson & Claiborne*, for defendant and appellant.

WYLY, J. The defendant appeals from the judgment against him on a note or due bill for $1618 50.

The defense is, the contract is void because at the time it was made, in September, 1864, the defendant was a citizen of the parish of Pointe Coupée and the plaintiff was a citizen of New Orleans, and under the act of Congress and the proclamation of the President all intercourse between them was prohibited. It is admitted that the plaintiff resided in New Orleans and the defendant in the parish of Pointe Coupée at the time the note sued on was given. But the national forces were then occupying a portion of the parish of Pointe Coupée.

The residence of the defendant was on the river, a few miles below Morganza, where the troops were stationed. It is fair to presume, and indeed the evidence satisfies us, that federal authority prevailed over the plantations in the immediate neighborhood, and that the residence of defendant was not in rebel lines. It also appears that the due bill was given in settlement of a partnership between the plaintiff and the defendant for buying and selling cotton, which was carried on under permits issued by competent authority.

Judgment affirmed.